Entered on Docket
August 06, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: August 06, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 09-45389-EDJ 7
                                         Chapter 7
NADER MALEK,

                    Debtor.    /

MARCIA FLAGG,                            Adv. No. 09-4403

                    Plaintiff,
vs.

NADER MALEK,

                    Defendant.  /

DECISION

By her amended complaint herein, plaintiff Marcia Flagg ("Flagg"), the former spouse of defendant Nader Malek, the above debtor ("Malek"), seeks to bar Malek's general discharge pursuant to various subsections of Bankruptcy Code § 727(a).[1] Specifically,

---

[1] All further section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Decision

Flagg alleges Malek's failure to keep and preserve books and records, § 727(a)(3), making of a false oath or account, § 727(a)(4)(A), failure to explain satisfactorily a loss or deficiency of assets, § 727(a)(5), and refusal to obey a lawful order of the court, § 727(a)(6)(A).[2]

Flagg also alleges that the debts Malek owes her are nondischargeable under Bankruptcy Code § 523(a)(15) (certain debts owing to a spouse or former spouse in connection with a divorce proceeding). As to this claim, this court abstained in favor of the

---

[2]The relevant portions of Bankruptcy Code § 727(a) read as follows:

The court shall grant the debtor a discharge, unless–
. . .
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
(4) the debtor knowingly and fraudulently, in or in connection with the case--
    (A) made a false oath or account;
. . .
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;
. . .
(6) the debtor has refused, in the case--
    (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify . . ..

Decision    2

California Superior Court.

The court will issue its judgment in favor of Malek as to Flagg's claims under § 727(a).

A. Background

Prior to the filing of his voluntary chapter 7 petition on June 18, 2010, Malek was in the business of selling figurines and statuettes on the internet. Malek operated this business under the name of "Accent Stuff." His primary sales outlet was the popular website, Ebay, although Malek did make some direct sales. For the most part, Flagg's allegations concern the records, inventory, and sales of Accent Stuff, and the disclosures regarding the business that Malek made in connection with his bankruptcy case.

B. Fraudulent Concealment - § 727(a)(5)

Initially, the court notes that § 727's denial of discharge provisions must be construed liberally in favor of the debtor and strictly against those objecting to discharge. In re Devers, 759 F.2d 751, 754 (9th Cir. 1985); In re Adeeb, 787 F.2d 1339, 1342 (9th Cir. 1986); In re Bernard, 96 F.3d 1279, 1281 (9th Cir. 1996).

Flagg's complaint alleges that Malek fraudulently concealed business inventory, thus triggering Bankruptcy Code § 727(a)(5) (failure to explain loss of assets). At trial, however, Flagg presented no material evidence in support of this claim, and the court ruled at the conclusion of Flagg's case in chief that Malek need not put on any evidence in defense thereof. Fed. R. Civ. P. 52(c), applicable via Fed. R. Bankr. P. 7052.

//

Decision 3

Case: 09-04403  Doc# 44  Filed: 08/06/10  Entered: 08/06/10 12:12:39  Page 3 of 9

C.  Failure to Obey a Court Order - § 727(A)(6)(A)

Flagg's complaint also alleges that this court ordered Malek to attend a continued meeting of creditors and that Malek did not attend, thus triggering Bankruptcy Code § 727(a)(6)(A). The evidence showed, however, that there was no continued meeting of creditors for Malek to attend because the trustee in bankruptcy had excused Malek from appearing. The court therefore ruled at the conclusion of Flagg's case in chief that Malek need not put on any evidence in defense of this claim. Fed. R. Civ. P. 52(c), applicable via Fed. R. Bankr. P. 7052.

D.  Failure to Maintain Adequate Books and Records - § 727(a)(3)

"In order to state a prima facie case under section 727(a)(3), a creditor objecting to discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." In re Cox, 41 F.3d 1294, 1296 (9th Cir. 1994) quoting Meridian Bank v. Alten, 958 F.2d 1226, 1232 (3d Cir.1992).

Here, the evidence showed that Malek maintained sufficient records from which any creditor and the trustee in bankruptcy could ascertain his financial condition and material business transactions. Malek possessed records regarding all of his sales through Ebay, which Ebay maintained for Malek. Malek also kept a running inventory, adding to it as he acquired new items for sale, and deleting from it as items were sold. Malek also maintained checking account statements for all his cash receipts from the

Decision                      4

business, whether from Ebay sales or otherwise.

Malek sometimes purchased inventory on credit, using his credit card to fund the purchases. Malek preserved the credit card statements for the accounts in question. Malek also preserved invoices, shipping documents, wire transfer confirmations, and in some cases, photographs of his inventory.

Flagg contends that the foregoing is not enough, and that Malek should be denied a discharge because he did not prepare formal balance sheets and profit and loss statements.

The court rejects Flagg's argument. Section 727(a)(3) does not require a debtor to prepare and maintain any particular type of financial statements or records. <u>Cox</u>, 41 F.3d at 1299. Here, the records Malek kept and maintained were clearly sufficient for a relatively small business such as Accent Stuff. <u>Id.</u>

E. <u>False Oath - 727(a)(4)(A)</u>

In order to bring a successful § 727(a)(4)(A) claim for false oath, the plaintiff must show: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. <u>In re Wills</u>, 243 B.R. 58, 62 (9th Cir. BAP 1999); <u>In re Khali</u>, 379 B.R. 163, 172 (9th Cir. BAP 2007).

Here, Flagg contends that Malek understated his gross income on his Amended Statement of Financial Affairs. She arrived at this conclusion by adding up the total amount of deposits to Malek's business checking account for the years in question, arguing that the totals exceed the amount of income Malek showed on his Amended

Decision 5

Statement of Financial Affairs.[3]

Malek testified that he often borrowed money from family members and deposited the proceeds into his business checking account, that all the deposits reflected in the statements for that account were not gross receipts from the business, and that he accurately disclosed his income.

Even so, it appears that the $45,000 gross income figure Malek disclosed for 2008 was inaccurate. Flagg's Exhibit 3 shows that Malek's Ebay sales that year totaled $61,707, after deduction for unpaid items, and that Malek sold an additional $35,000 in merchandise (after deduction of shipping fees) other than through Ebay.

Malek's federal tax return for 2008, which he filed in February 2010, showed that Malek's gross income for the year was $96,204, which realized him a net profit of $7,413 after deduction for cost of goods sold, commissions, shipping expense, and advertising.

In any event, even if the gross income figures Malek presented were in error, Malek would still prevail as to this claim for relief because Flagg presented no evidence that Malek made any such errors "knowingly and fraudulently" within the meaning of § 727(a)(4)(A). Flagg offered no suggestion as to who Malek might have been trying to mislead, or to what end he might have made the attempt. And

---

[3] Malek disclosed his income as $51,000 for 2007, $45,000 for 2008, and $16,411 for year-to-date 2009. Flagg calculated that Malek deposited to his checking account $168,000 in 2007 and $104,000 in 2008.

Decision 6

absent a finding of Malek's actual intent to defraud, the errors regarding his gross income cannot be a basis for denial of his discharge pursuant to § 727(a)(4)(A). In re Roberts, 331 B.R. 876, 883-84 (9th Cir. BAP 2005), aff'd, 241 Fed.Appx. 420 (9th Cir. 2007). This is so even if Malek was guilty of sloppiness. In re Coombs, 193 B.R. 557, 567 (Bankr. S.D. Cal.1996).

Moreover, although it is not determinative, it is worth noting that Flagg does not claim that she, the trustee in bankruptcy, or any other party in interest in the bankruptcy case was actually misled in any way by any misstatements by Malek of his gross income, or that any such misstatements were detrimental to the administration of Malek's bankruptcy estate. See Wills, 243 B.R. at 63-64.

Flagg also contends that Malek fraudulently misstated his rent or mortgage payment on Schedule J (Current Expenditures) by stating that his monthly expense for rent or mortgage payments was $1,000. Flagg bases this contention on the fact that Malek did not actually make some of the payments.

This allegation is meritless. The amount a debtor is required to disclose is not the amount of rent or mortgage payments the debtor actually paid or made, but the "average or projected monthly expenses" of the debtor at the time of the petition. Instructions to Schedule J, Official Form 6J. Here, Flagg presented no evidence that Malek misstated his average or projected rent or mortgage expense, or that he intended anything fraudulent in making the disclosure at issue.

Decision                                    7

F.  Conclusion

For the foregoing reasons, the court will issue its judgment denying any relief to Flagg, and providing that, subject to the personal financial manangement course requirement of § 727(a)(11), Malek is entitled to a discharge of all his debts other than those that are nondischargeable under Bankruptcy Code § 523(a).

\*\* END OF MEMORANDUM \*\*

**COURT SERVICE LIST**

Shimea C. Anderson
Law Offices of Shimea C. Anderson
427 Grand Ave.
Oakland, CA 94610

Maria I. Lawless
Lee&Lawless
11 Embarcadero West.,Suite 140
Oakland, CA 94607

Darya Sara Druch
Law Offices of Darya Sara Druch
1 Kaiser Plaza #480
Oakland, CA 94612

Decision 9